154

706 A.2d 620

**Joseph P. SACCHET, Warden,**

v.

**Robert BLAN.**

**No. 874, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

March 2, 1998.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellant.

Wiley A. Rutledge, Hagerstown, for appellee.

Argued before MURPHY, C.J., HOLLANDER, J., and GERARD F. DEVLIN, Judge, Specially Assigned.

GERARD F. DEVLIN, Judge, Specially Assigned.

Appellee, Robert Blan, was convicted in September 1995 of manslaughter by automobile under Md.Code (1957, 1996 Repl. Vol.), Art. 27, § 388, and sentenced to ten years with seven years suspended.

Appellee Blan filed for a writ of *habeas corpus* in the Circuit Court for Washington County, alleging illegal confinement on the basis of an insufficient award of good conduct credits by the Division of Correction. In the instant case, the Division of Correction considered manslaughter by automobile to be a crime of violence under Article 27, section 643B, and, as a result, awarded good conduct credit at the rate of five days per month. Blan argued that manslaughter by automobile was not included on the list of "crimes of violence" in section 643B and, as a result, he was entitled to an award of ten days per month.

Following a hearing on April 18, 1997, the Circuit Court for Washington County (McDowell, J.) held that automobile manslaughter under section 388 was not included on the list of crimes of violence as listed in section 643B and ordered that the Department credit Blan with the additional good conduct credits.

## ANALYSIS

The sole issue to be determined in this case is whether Article 27, section 643B, which defines "crime of violence" to include "manslaughter except involuntary manslaughter" includes the offense of "manslaughter by automobile, motor vehicle, locomotive, engine car, streetcar, train, vessel, or

other vehicle," which is a separate offense under Article 27, section 388.

The appellant argues that there are only two common law forms of manslaughter, voluntary and involuntary, and that by excluding involuntary manslaughter as a crime of violence it therefore included all other types of manslaughter. We disagree.

The offense of manslaughter by automobile, covered by Article 27, section 388, is a separate statutory misdemeanor. *Connor v. State,* 225 Md. 543, 558, 171 A.2d 699, *cert. denied,* 368 U.S. 906, 82 S.Ct. 186, 7 L.Ed.2d 100 (1961).

■ In construing the language of a statute, it is necessary to give effect to the legislative intent. *Kaczorowski v. Mayor and City Council of Baltimore,* 309 Md. 505, 512–13, 525 A.2d 628 (1987). In ascertaining the legislative intent, normally one need only look to the plain language of the statute. *Blondell v. Baltimore City Police Dep't,* 341 Md. 680, 690–91, 672 A.2d 639 (1996). In interpreting legislative intent, it is clear that Maryland usually follows what was the English Rule until *Pepper v. Hart,* House of Lords, A.C. 593 (1993), under which judges refused to utilize external aids, verbatim accounts of Parliament, committee reports, and the like. The reason this rule was relaxed was because Parliament has *Hansard,* which, like the *Congressional Record,* is a verbatim account of parliamentary debates, and other external aids are readily available.

■ In Maryland, there is no verbatim record of procedures. Only rarely are committee reports published; debate is often brief or non-existent in a legislature that meets only ninety days a year. We are usually left with no other means of interpreting statutes than the words themselves. Interpretation of Maryland statutes rests upon the proposition that the General Assembly says what it means and means what it says. "[T]he cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intention. The language of the statute itself is the primary source of this intent; and the words used are to be given 'their ordinary and popularly understood meaning, absent a manifest contrary legislative

intention.' " *Privette v. State,* 320 Md. 738, 744, 580 A.2d 188 (1990). Although there is no judicial or legislative prohibition against the use of external aids, interpreting legislative intent all but mandates total reliance upon the words used.

The crime of manslaughter by automobile was enacted in 1941, *Laws of Maryland,* Chapter 414. In 1975, the General Assembly enacted a recidivist statute for perpetrators of crimes of violence, *Laws of Maryland,* Chapter 253, now codified in Article 643B, and significantly failed to include manslaughter by automobile in the list of crimes of violence.

■ These statutes have been revisited several times by a legislature that meets at least annually, and at no time has the legislature included manslaughter by automobile as a crime of violence. They could have done so easily but they did not. The only interpretation is that the omission was deliberate. In *Brown v. State,* 285 Md. 469, 403 A.2d 788 (1979), Judge Cole said, "We have repeatedly stated that where the legislature has chosen not to define a term used in a statute, that term should ... be given its ordinary and natural meaning 'without resorting to subtle or forced interpretations for the purpose of extending or limiting its operation.' " *Id.* at 474, 403 A.2d 788 (quoting *Schweitzer v. Brewer,* 280 Md. 430, 438, 374 A.2d 347 (1977)). As a result, Blan was entitled to have his good conduct credit construed at a rate of ten days per month.

**JUDGMENT AFFIRMED;**

**COST TO BE PAID BY APPELLANT.**